Rodolfo R. MIRAMONTES, Jr., Plaintiff—Appellant,

v.

CHIEF OF DEPARTMENT OF CORRECTIONS; et al., Defendants—Appellees.

No. 03–15856.

D.C. No. CV–02–00971–JSW.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 15, 2003.*

Decided Jan. 16, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

---

Rodolfo R. Miramontes, Jr., pro se, Cresent City, CA, for Plaintiff–Appellant.

Ann Miller Ravel, Michael L. Rossi, Santa Clara County Counsel's Office, San Jose, CA, for Defendants–Appellees.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

## MEMORANDUM**

Rodolfo R. Miramontes appeals from the district court's grant of summary judgment for the defendants in his 42 U.S.C. § 1983 suit against California prison officials, alleging that his constitutional right to due process was violated when, during his pretrial detention, he was denied a hearing before placement in administrative segregation on the basis of his criminal background, confinement history, and gang affiliation.

We review de novo, first asking whether the facts alleged show that defendants violated Miramontes' constitutional rights; if not, we do not analyze whether the defendants are entitled to qualified immunity. *See Valdez v. Rosenbaum,* 302 F.3d 1039, 1043 (9th Cir.2002), *cert. denied,* — U.S. ——, 123 S.Ct. 2110, 155 L.Ed.2d 1087 (2003). Because Miramontes did not have a due process right to a hearing before he could be placed in administrative segrega-

tion, we affirm the district court's grant of qualified immunity.

"Pretrial detainees have a substantive due process right against restrictions that amount to punishment." *Id.* at 1045. A pretrial detainee who is placed in disciplinary segregation as punishment has a right to a due process hearing. *See Mitchell v. Dupnik,* 75 F.3d 517, 524 (9th Cir.1996). Miramontes' segregation, however, was not imposed as discipline and did not amount to punishment. He was placed in administrative segregation for security reasons rather than as punishment for an alleged violation of prison rules. "Absent a showing of an express intent to punish on the part of detention facility officials, . . . . if a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Bell v. Wolfish,* 441 U.S. 520, 538–39, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *see also Martucci v. Johnson,* 944 F.2d 291, 294–95 (6th Cir.1991) (prisoner placed in segregated confinement for administrative reasons related to prison security did not have substantive due process right not to be placed in segregation, and lack of hearing did not violate procedural due process). Miramontes did not have a constitutional right to a hearing.

Further, the district court was correct in dismissing Miramontes' claim of racial discrimination, because he did not allege any facts showing that he was classified differently because of his race.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.